**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LAURA A. MILLER,

Plaintiff,

v.

THE FRENCH PASTRY SCHOOL LLC and THE BUTTER BOOK LLC

Defendants.

Case No.: ______

## COMPLAINT

Plaintiff Laura A. Miller ("Miller" or "Plaintiff"), by and through her undersigned counsel, for her Complaint against defendants The French Pastry School LLC ("FPS") and The Butter Book LLC ("TBB") (FPS and TBB are referred at times collectively herein as "Defendants").

## PARTIES

1. Plaintiff is an individual currently residing at 164 Davis Court, Round Lake Park, Illinois 60073. At all times relevant to this action, Plaintiff has resided at this address.

2. Upon information and belief, Defendant FPS maintains, and at all times relevant to this action has maintained, its principal place of business at 226 W. Jackson Boulevard, Suite 106, Chicago, Illinois 60606. FPS is a company organized and existing under the laws of the State of Delaware.

3. Upon information and belief, Defendant TBB maintains, and at all times relevant to this action has maintained, its principal place of business at 235 W. Van Buren Street, Chicago, Illinois 60607. TBB is a company organized and existing under the laws of the State of Illinois.

## JURISDICTION AND VENUE

4. This Court has exclusive original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 because the claims seek the following relief: (1) a declaration of ownership of the copyrights, based upon authorship, in certain literary works identified herein as "The Glossary of Terms"[1] and the "Learn Pages"[2], which work is referred to herein at times collectively as the "Subject Work"; (2) a declaration that no implied license to the Subject Work has been granted to either Defendant under such copyrights; and (3) a declaration that FPS's and/or TBB's unauthorized reproduction of, distribution of, preparation of derivative work based upon, and/or public display of the Subject Work, and/or any other use of the Subject Work by FPS and/or TBB in a manner falling within the scope of the exclusive rights conferred by U.S. copyright law to the rightful copyright owner(s), would constitute infringement of Miller's copyrights in the Subject Work. Plaintiff's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. and/or otherwise fall within the exclusive jurisdiction of the federal courts.

---

[1] The Glossary of Terms is a series of original, culinary-driven definitions and technical descriptions for ingredients, products, equipment, techniques, and miscellaneous items commonly used in the pastry kitchen. Each category of terms (e.g., spices, fruit, nuts and seeds, dairy, types of pectin) are linked by corresponding language, syntactical structure, voice, and expression. Each term within each category follows a similar, complimentary style that has been interjected through the terms as a whole to create one, cohesive, comprehensive pastry glossary.

[2] The Learn Pages are a comprehensive, academically geared collection of supplemental information that is directly linked to corresponding video demonstrations. The Learn Pages include, but are not limited to, tips, tricks of the trade, further explanation of certain ingredients, products, methodologies and advanced pastry techniques, as well as shelf live, storage, freezing, defrosting and reheating information when applicable. Each Learn Page is uniquely crafted to include any useful information that may not have been covered, or fully covered, in its corresponding video demonstration.

5. This Court has personal jurisdiction over FPS because FPS does business in the State of Illinois and in this judicial district; because FPS maintains its principal place of business in the State of Illinois and in this judicial district; and because the actions engaged in by FPS giving rise to this action occurred in the State of Illinois and in this judicial district.

6. This Court has personal jurisdiction over TBB because TBB does business in the State of Illinois and in this judicial district; because TBB maintains its principal place of business in the State of Illinois and in this judicial district; and because the actions engaged in by TBB giving rise to this action occurred in the State of Illinois and in this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1), (2) & 1400(a) because Defendants reside in this judicial district.

**FACTUAL ALLEGATIONS**

8. In or around August, 2016, Miller was retained by FPS and/or TBB on an independent contractor basis to prepare certain work product which included, *inter alia*, the Subject Work.

9. The parties did not enter into any formal written agreement memorializing the compensation or other terms of this independent contractor arrangement. Exhibit A attached hereto sets forth handwritten notes generated during the course of Miller's preparing the Subject Work reflecting the parties' initial mutual understanding as to Miller's financial compensation for preparing, *inter alia*, the Subject Work.

10. Miller did not receive any fringe benefits in connection with her work under this independent contractor arrangement.

11. Miller received 1099-MISC tax forms documenting, for tax purposes, the compensation she received for her work under this arrangement.

12. Miller performed all work in connection with this arrangement independently without supervision from anyone at FPS or TBB.

13. Miller has never been an employee of FPS.

14. Miller has never been an employee of TBB.

15. The parties never entered into any written or oral agreement to the effect that work prepared by Miller for Defendants would constitute a work made for hire.

16. The parties never entered into any written agreements concerning the terms under which Miller would complete any of the projects that she was asked by Defendants to complete.

17. The parties never discussed any issues relating to copyright ownership, or relating to the potential transfer or licensing of copyright in any work product prepared by Miller for Defendants, including the Subject Work, while the financial or other terms governing Miller's completion of the requested work were being discussed.

18. Miller raised the issue of a potential license of copyright to, *inter alia*, the Subject Work, to Defendants on or about April 26, 2018 and June 6, 2018. Miller raised these issues in response to Defendants' request for delivery of the final versions of the Subject Work (and other work product prepared by Miller). This email correspondence is attached hereto as Exhibits B (April 26, 2018) and C (June 6, 2018).

19. The parties never entered into any written or oral agreement concerning the assignment of, licensing of, or other transfer of copyright in any work. This is well reflected by Defendants having emailed Miller a proposed copyright assignment contract after Miller raised the issue of proper terms under which she might consider licensing copyright in, *inter alia*, the Subject Work, to Defendants. The email sent by Defendants with the attached proposed copyright assignment is attached hereto as Exhibit D.

20. Miller consistently maintained the position that she would not deliver the final versions of the Subject Work to Defendants until the parties resolved their copyright dispute; i.e., until the parties arrived at mutually agreeable terms under which Defendants may display, *inter alia*, the Subject Work on The Butter Book web site.

21. Only on July 5, 2018, did Miller agree to potentially provide Defendants with final copies of the Subject Work, subject to certain conditions, after the parties had been engaged in heated negotiations concerning suitable terms under which Miller might assign or license to Defendants her copyright in the Subject Work. In this July 5, 2018, correspondence (attached as Exhibit E) Miller provided defendants with the following express notice, however:

> Ms. Miller is, however, willing to provide final versions of The Glossary of Terms and learn pages by 5:00 pm (CDT) on Monday, July 9, on condition that such work will not be further reproduced, distributed, publicly displayed, or otherwise used in any manner that is covered by copyright, unless and until all necessary copyright issues are resolved. Further in this regard, please be advised that any such improper activity shall constitute infringement of Ms. Miller's copyright in The Glossary of Terms and the learn pages. Please let us know as soon as possible whether FPS agrees to accept The Glossary of Terms and learn pages under such conditions.

22. Defendants never discussed with Miller their proposed scope of use of the Subject Work beyond mentioning potentially desiring to use it in connection with a subscription-based web site. Defendants were referring to such web site internally at the time as "The Butter Book."

23. Miller subsequently became aware that, unbeknownst to her, Defendants had changed their plan and became focused on a licensing model instead whereby Defendants would license the content of The Butter Book web site to certain third-parties in the food services industry. Defendants have still never discussed such potential licensing with Miller.

24. There has been no implied non-exclusive copyright license to the Subject Work conveyed from Miller to either Defendant here, including at least because Miller timely objected to delivering, and withheld, the Subject Work based upon the parties not having resolved the

outstanding copyright issues. Further, there has never been any meeting of the minds between the parties regarding appropriate consideration for any potential licensing or assignment of copyright in the Subject Work.

25. Miller has never been advised of a launch date for The Butter Book web site. Defendants, by Anne Kauffman, Vice President at FPS, emailed Miller on April 24, 2018, stating as follows: "We do not have a launch date even as of yet. I will be certain to keep you updated as we progress." This email correspondence is attached hereto as Exhibit F. To date, Miller has not received any further information concerning a potential launch date for The Butter Book web site.

26. On or about April 26, 2018 and June 6, 2018, Miller provided Defendants with proposed copyright licenses setting forth proposed terms for a limited, exclusive, transfer of certain aspects of Miller's copyright in, *inter alia*, the Subject Work. This email correspondence and attached proposed copyright licenses are attached hereto as Exhibits B (April 26, 2018) and C (June 6, 2018).

27. With respect to the Learn Pages, on or about April 26, 2018, Miller proposed a license of rights to FPS that would allow FPS to publicly display the Learn Pages on The Butter Book web site for a period of one year in exchange for $30 per Learn Page for a total of $4,770 and 1.5% of gross revenue received from subscription fees charged to third-parties for access to The Butter Book. *See* Exhibit B, Proposed License to the Proprietary Material, at 2 (the proposed $4,770 amount was a component of the larger $6,300 figure covering the entirety of the Proprietary Material).

28. With respect to the Glossary of Terms, on or about June 6, 2018, Miller proposed a license of rights to FPS that would allow FPS to publicly display The Glossary of Terms on The Butter Book web site for a period of one year in exchange for $15 per glossary term for a total of

$15,180, 1.5% of gross revenue received from subscription fees charged to third-parties for access to The Butter Book, and 1.5% of revenue received from advertising presented in connection The Glossary of Terms. *See* Exhibit C, Proposed License to The Glossary of Terms, at 2. The copyright licenses proposed by Miller clarified that Miller's sharing of gross revenue generated from subscriptions to The Butter Book would not exceed 1.5% of such gross revenue in total for all licensing of copyright. *Id*. at 2-3.

29. Neither Defendants nor any employee or owner of either FPS or TBB have any colorable claim of ownership to copyright in the Subject Work, whether based upon authorship or otherwise.

30. With regard to The Glossary of Terms, Miller prepared such work independently. Defendants, in certain limited instances, provided comments and suggestions. Where Defendants did provide comments or suggestions, such comments or suggestions concerned ideas that Defendants felt should be encompassed by the definitions of the terms. No such input concerned the manner in which such ideas should be expressed. To the contrary, Defendants at all times expressly conveyed to Miller that it was her writing style and expressive voice that should be reflected in The Glossary of Terms.

31. Further, Defendants only even provided such a germ of an idea in a minority of instances; and even in those instances where Defendants did provide some amount of original language, in the overwhelming majority of instances such language was not ultimately included in the final draft of The Glossary of Terms.

32. Miller prepared The Glossary of Terms by analyzing and assimilating multiple sources of relevant information for each term and independently crafting original, creative means for expressing the information relevant to the terms. Miller's originality and creativity is reflected

both in the text of the final draft of the Glossary of Terms as well as in the selection as to which information to include and which not to include.

33. Much of the information that Defendants purport to have originated was in fact plagiarized from other sources. For example, an overwhelming amount of the text that Defendants provided for purposes of preparing The Glossary of Terms was lifted directly from The Food Lover's Glossary of Culinary Terms (www.culinarysoftware.com/glossary_cs.htm). Other text provided by Defendants was pulled from Quizlet: Learning Tools & Flashcards (www.quizlet.com).

34. The definitions set out in The Glossary of Terms, as crafted by Miller, constitute original, creative text, fixed in a tangible medium of expression.

35. With regard to the Learn Pages, Defendants provided limited original information for less than one-third of the Learn Pages, much of which was not ultimately incorporated into the final drafts due to irrelevance and/or lack of direction and focus.

36. Miller had full access to the scripts for which the Learn Pages were prepared. Based upon these scripts, Miller drafted the original language that served as the textual foundation for the Learn Pages. In certain limited instances Defendants provided suggestions and/or factual input at which point Miller further revised and crafted the Learn Pages to incorporate such comments, which comments did not in any way imply any instructions as to the manner of expression.

37. The Learn Pages, as crafted by Miller, constitute original, creative text, fixed in a tangible medium of expression.

38. No employee or owner of either FPS or TBB qualifies as an author of the Subject Work under U.S. copyright law.

39. Miller is the sole author of The Glossary of Terms.

40. Miller is the sole author of the Learn Pages.

41. Miller is the sole owner of valid copyright in The Glossary of Terms.

42. Miller is the sole owner of valid copyright in the Learn Pages.

43. Miller applied to the U.S. Copyright Office for registration of her copyright in The Glossary of Terms on or about May 31, 2018. *See* Exhibit G. That registration application has been assigned case number 1-6635507751 and remains pending.

44. Miller applied to the U.S. Copyright Office for registration of her copyright in the Learn Pages on or about May 9, 2018. *See* Exhibit G. That registration application has been assigned case number 1-6568037271 and remains pending.

45. Defendants, including through counsel, have repeatedly expressed their intention to infringe Miller's copyright in the Subject Work at least by publicly displaying the Subject Work on The Butter Book web site once the site is launched. *See, e.g.*, the email correspondence attached hereto as Exhibit E.

**COUNT ONE**
**CLAIM FOR DECLARATORY RELIEF –**
**AUTHORSHIP AND COPYRIGHT OWNERSHIP**

46. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 45 above as if fully set forth herein.

47. As a result of the above, there is an actual, justiciable, and substantial controversy between Plaintiff and Defendants arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. In light of this dispute, Plaintiff seeks a declaration of ownership based upon authorship of the Subject Work. Such claim arises under federal copyright law and falls within the exclusive jurisdiction of the federal courts.

48. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the ownership based upon authorship of the Subject Work and will settle the controversy as to each party's ownership of the Subject Work.

49. Plaintiff brings this claim for a judgment declaring that that no employee or owner of either FPS or TBB authored (whether solely or jointly) The Glossary of Terms and that, accordingly, neither FPS, nor TBB, nor any employee or owner of either FPS or TBB are equal co-owners of the copyright in The Glossary of Terms, that they do not hold equal undivided interests in such copyright, and that Defendants and any employee or owner of FPS or TBB are barred from asserting any such authorship and/or ownership claims.

50. Plaintiff further seeks a judgment declaring that that no employee or owner of either FPS or TBB authored (whether solely or jointly) the Learn Pages and that, accordingly, neither FPS, nor TBB, nor any employee or owner of either FPS or TBB are equal co-owners of the copyright in the Learn Pages, that they do not hold equal undivided interests in such copyright, and that Defendants and any employee or owner of FPS or TBB are barred from asserting any such authorship and/or ownership claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and against the Defendants granting her the following relief:

(i) declaring that no employee or owner of either FPS or TBB authored (whether solely or jointly) The Glossary of Terms, that neither FPS, nor TBB, nor any employee or owner of either FPS or TBB are equal co-owners of the copyright in The Glossary of Terms, that they do not hold equal undivided interests in such copyright, and that Defendants

and any employee or owner of FPS or TBB are barred from asserting any such authorship and ownership claims;

(ii) declaring that that no employee or owner of either FPS or TBB authored (whether solely or jointly) the Learn Pages, that neither FPS, nor TBB, nor any employee or owner of either FPS or TBB are equal co-owners of the copyright in the Learn Pages, that they do not hold equal undivided interests in such copyright, and that Defendants and any employee or owner of FPS or TBB are barred from asserting any such authorship and ownership claims;

(iii) awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

(iv) granting such other and further relief, whether legal or equitable, as the Court may determine is just or appropriate.

**COUNT TWO**
**CLAIM FOR DECLARATORY RELIEF –**
**NO IMPLIED NON-EXCLSUIVE LICENSE OF COPYRIGHT**

51. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 50 above as if fully set forth herein.

52. As a result of the above, there is an actual, justiciable, and substantial controversy between Plaintiff and Defendants arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. In light of this dispute, Plaintiff seeks a declaration that Plaintiff has not impliedly granted Defendants (whether individually or collectively) a license under Plaintiff's copyright in The Glossary of Terms. Such claim arises under federal common law as it relates to copyright and falls within the exclusive jurisdiction of the federal courts.

53. As a result of the above, there is an actual, justiciable, and substantial controversy between Plaintiff and Defendants arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. In

light of this dispute, Plaintiff seeks a declaration that Plaintiff has not impliedly granted Defendants (whether individually or collectively) a license under Plaintiff's copyright in the Learn Pages. Such claim arises under federal common law as it relates to copyright and falls within the exclusive jurisdiction of the federal courts.

54. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine whether Defendants (individually or collectively) may properly publicly display, distribute, or otherwise use The Glossary of Terms and/or the learn pages in a manner that would, absent such alleged implied license, infringe Plaintiff's copyrights in the subject work.

55. Plaintiff brings this claim for a judgment declaring that Plaintiff has not impliedly granted FPS, and likewise has not impliedly granted TBB, a license under its copyright in The Glossary of Terms.

56. Plaintiff further seeks a judgment declaring that Plaintiff has not impliedly granted FPS, and likewise has not impliedly granted TBB, a license under its copyright in the Learn Pages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and against the Defendants granting her the following relief:

(i) declaring that Plaintiff has not impliedly granted FPS, and likewise has not impliedly granted TBB, a license under its copyright in The Glossary of Terms;

(ii) declaring that Plaintiff has not impliedly granted FPS, and likewise has not impliedly granted TBB, a license under its copyright in the Learn Pages;

(iii) awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

(iv) granting such other and further relief, whether legal or equitable, that the Court determines is just or appropriate.

**COUNT THREE**
**CLAIM FOR DECLARATORY RELIEF –**
**COPYRIGHT INFRINGEMENT**

57. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 56 above as if fully set forth herein.

58. As a result of the above, there is an actual, justiciable, and substantial controversy between Plaintiff and Defendants arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. In light of this dispute, Plaintiff seeks a declaration that the unauthorized reproduction of, distribution of, preparation of derivative works based upon, public display of, performance of, or other use of The Glossary of Terms (or any work substantially similar thereto) in a manner exclusively allocated to the copyright owner(s) under U.S. copyright law shall constitute infringement of Plaintiff's copyright in The Glossary of Terms. Such claim arises under federal copyright law and falls within the exclusive jurisdiction of the federal courts.

59. As a result of the above, there is an actual, justiciable, and substantial controversy between Plaintiff and Defendants arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. In light of this dispute, Plaintiff seeks a declaration that the unauthorized reproduction of, distribution of, preparation of derivative works based upon, public display of, performance of, or other use of the Learn Pages (or other work substantially similar thereto) in a manner exclusively allocated to the copyright owner(s) under U.S. copyright law shall constitute infringement of Plaintiff's copyright in the Learn Pages. Such claim arises under federal copyright law and falls within the exclusive jurisdiction of the federal courts.

60. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine whether Defendants (individually or collectively) may properly reproduce, distribute, prepare derivative works based upon, publicly display, perform, or otherwise use the Glossary of Terms (or other work substantially similar thereto) in a manner that U.S. copyright law exclusively allocates to the copyright owner(s) or whether such action(s) would constitute infringement of Plaintiff's copyright in The Glossary of Terms.

61. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine whether Defendants (individually or collectively) may properly reproduce, distribute, prepare derivative works based upon, publicly display, perform, or otherwise use the Learn Pages (or other work substantially similar thereto) in a manner that U.S. copyright law exclusively allocates to the copyright owner(s) or whether such action(s) would constitute infringement of Plaintiff's copyright in the Learn Pages.

62. Plaintiff brings this claim for a judgment declaring that the unauthorized reproduction of, distribution of, preparation of derivative works based upon, public display of, performance of, or other use of The Glossary of Terms (or other work substantially similar thereto) in a manner exclusively allocated to the copyright owner(s) under U.S. copyright law shall constitute infringement of Plaintiff's copyright in The Glossary of Terms.

63. Plaintiff further seeks a judgment declaring that the unauthorized reproduction of, distribution of, preparation of derivative works based upon, public display of, performance of, or other use of the Learn Pages (or other work substantially similar thereto) in a manner exclusively

allocated to the copyright owner(s) under U.S. copyright law shall constitute infringement of Plaintiff's copyright in the Learn Pages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and against the Defendants granting her the following relief:

(i) declaring that the unauthorized reproduction of, distribution of, preparation of derivative works based upon, public display of, performance of, or other use of The Glossary of Terms (or other work substantially similar thereto) in a manner exclusively allocated to the copyright owner(s) under U.S. copyright law shall constitute infringement of Plaintiff's copyright in The Glossary of Terms;

(ii) declaring that the unauthorized reproduction of, distribution of, preparation of derivative works based upon, public display of, performance of, or other use of the Learn Pages (or other work substantially similar thereto) in a manner exclusively allocated to the copyright owner(s) under U.S. copyright law shall constitute infringement of Plaintiff's copyright in the Learn Pages;

(iii) awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

(iv) granting such other and further relief, whether legal or equitable, that the Court determines is just or appropriate.

Respectfully submitted,

Date: July 10, 2018

/s/ Michael M. Schmahl

Michael M. Schmahl
**Pollick & Schmahl, LLC**
200 E. Randolph Street
Suite 5100
Chicago, IL 60601
(312) 235-3296
mschmahl@pollickschmahl.com
ARDC No. 6275860

and

Theodore J. Chiacchio
**Chiacchio IP**
605 N. Michigan Avenue, Ste. 454
Chicago, IL 60611
(312) 646-5332
tchiacchio@chacchioip.com
Request to Appear *Pro Hac Vice*
*Counsel for Laura A. Miller*